UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE,<br><br>               Plaintiff,<br><br>v.<br><br>AMHERST COLLEGE, CAROLYN MARTIN, JAMES LARIMORE, TORIN MOORE, SUSIE MITTON SHANNON, and LAURIE FRANKL,<br><br>               Defendants. | No. 16-MC-128-RSL<br><br>NON-PARTY SANDRA JONES' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO QUASH SUBPOENA OR IN THE ALTERNATIVE MOTION FOR A PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR:<br>August 12, 2016<br><br>ORAL ARGUMENT REQUESTED |

NON-PARTY SANDRA JONES'
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

**CONFERRAL WITH COUNSEL**

Counsel for Ms. Jones has conferred with counsel for Mr. Doe regarding the issues contained in the motion. All parties are on notice that the July 21, 2016 deposition would be delayed due to the filing of this Motion.

**INTRODUCTION**

In the spring of 2013, Sandra Jones reported to officials at Amherst College ("Amherst" or the "College") that she had been sexually assaulted. The sexual misconduct complaint (the "Misconduct Complaint") described a sexual encounter between Ms. Jones and John Doe that took place in February 2012. In December 2013, a disciplinary hearing board (the "Hearing Board") found Mr. Doe responsible for sexual misconduct, and expelled him from the College.

Months later, in April 2014, Mr. Doe presented a series of newly discovered text messages to Amherst, and argued that the messages clearly exonerated him from the Hearing Board's findings. He requested that he be reinstated as a student or that disciplinary proceedings be re-opened. Amherst denied Mr. Doe's requests, finding that there was no procedure to reopen the hearing and the messages were insufficient to deviate from the established school policies. Mr. Doe then filed suit (the "Lawsuit") against Amherst and five Amherst administrators (the "Defendants"). Contemporaneous with the filing of this suit, Doe's counsel of record made multiple national television appearances in news pieces that publicly shamed Ms. Jones for her behavior and attacked her credibility for all of her family, friends, and classmates to see.[1],[2] In response, the Defendants filed a

---

[1] http://video.foxnews.com/v/4303827135001/attorney-for-amherst-student-accused-of-rape-speaks-out/?#sp=show-clips; http://video.foxnews.com/v/4298574039001/new-questions-on-alleged-college-sexual-assault-cases/?#sp=show-clips   http://www.toddweld.com/max-stern-interviewed-by-fox-news-on-fairness-of-student-discipline-procedures-at-amherst-college;   http://insider.foxnews.com/2015/06/16/megyn-kelly-new-details-revealed-amherst-college-lawsuit-over-2012-rape-case; http://www.washingtonexaminer.com/day-3-megyn-kelly-still-hammering-amherst-over-mishandling-of-campus-sexual-assault-accusation/article/2566543

[2] Though "Sandra Jones" is a pseudonym, it offered little protection where all of Ms. Jones' friends and family members were very familiar with the case

{W1028698 JCC} NON-PARTY SANDRA JONES' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO QUASH SUBPOENA OR IN THE ALTERNATIVE MOTION FOR A PROTECTIVE ORDER (Insert case #)    2

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

motion for judgment on the pleadings that seeks dismissal of Mr. Doe's complaint in its entirety. That motion is currently pending. *See* Ex. 1.

Through this Motion, Ms. Jones now seeks to quash a subpoena that Mr. Doe served on her in June, 2016, and/or to obtain a protective order. *See* Ex. 2. The subpoena seeks both testimony and material that is neither relevant nor proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1). Further, as a victim of sexual misconduct, Ms. Jones is protected by Federal Rules of Evidence ('FRE") Rule 412 "against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process." Advisory Committee Notes to the 1994 Amendments of FRE 412.

Despite the fact that Mr. Doe's lawsuit is concerned solely with the alleged misconduct of Amherst, Mr. Doe now seeks to depose Ms. Jones in this case about all matters having to do with the sexual assault. It appears that Mr. Doe has subpoenaed Ms. Jones in an effort to further "appeal" Amherst's findings of sexual misconduct and to harass Ms. Jones by re-litigating the sexual assault, neither of which are valid justification for requesting the deposition of a non-party sexual assault victim. Moreover, the entirety of Ms. Jones' participation in the disciplinary process is contained within the hearing record and transcript, which are in Mr. Doe's possession.

Because Mr. Doe's subpoena to Ms. Jones does not seek non-duplicative or relevant information, pursuant to Rules 26(c)(1) and 45 of the Federal Rules of Civil Procedure, Ms. Jones requests that the Court grant her motion to quash the subpoena, or, in the alternative, grant her a protective order significantly limiting the scope, and means, of deposition and productions.

{W1028698 JCC}NON-PARTY SANDRA JONES'
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER (Insert case #)   3

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## VENUE

Although Mr. Doe's claims are currently pending in the United States District Court for the District of Massachusetts, the proper venue for this Motion is the Western District of Washington because this is the district in which the subpoena recipient, and the documents sought, are located. *See* F.R.C.P. 45(d)(3)(A). Pursuant to Rule 45, a motion to quash a subpoena must be brought in "the court for the district where compliance is required . . . ." *Id.* Likewise, where a protective order is sought, a non-party may move for a protective order "where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." F.R.C.P. 26(c)(1). Because the subpoena is returnable in Seattle, Washington, where Ms. Jones resides, this venue is proper.

## BACKGROUND

Ms. Jones and Mr. Doe were members of the Amherst College class of 2014. In February 2012, Ms. Jones and Mr. Doe were engaging in consensual sexual activity when Mr. Doe physically forced a sexual act without Ms. Jones' consent and over her resistance. In April 2013, Ms. Jones reported the incident to College officials through the Misconduct Complaint. *See* Ex. 3 (Complaint). Attorney Allyson Kurker investigated the Misconduct Complaint in the fall of 2013 and prepared an investigative report (the "Report") describing her findings. In preparing the Report, Attorney Kurker interviewed eight witnesses, including Ms. Jones and Mr. Doe.

Amherst convened a Hearing Board which heard testimony from Attorney Kurker, Mr. Doe, Ms. Jones, and four other Amherst students. Ms. Jones testified that her encounter with Mr. Doe began consensually, but became nonconsensual when she "said no repeatedly and physically pushed against [Doe]." *See* Ex. 4 (Compl. Ex. 3, p. 43). Mr. Doe testified that he did not remember anything during the encounter due to intoxication. Compl. at ¶ 55. Following her testimony, Ms. Jones had no further involvement with the proceedings.

{W1028698 JCC}NON-PARTY SANDRA JONES'
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER (Insert case #)   4

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

The Hearing Board found by a preponderance of the evidence that Doe had violated Amherst's policy against sexual assault. Compl. at ¶ 58. The Hearing Board then assigned the sanction of expulsion.

Several months later, Mr. Doe presented text messages to Amherst that Mr. Doe claimed exculpated him from the Hearing Board's findings and sanction. Mr. Doe argued that the texts were incongruous with Ms. Jones' testimony and demonstrated Ms. Jones' agency and participation in the encounter with Mr. Doe. Based on the texts, Mr. Doe asked Amherst to "reinstate" him or "reopen either the hearing or the investigation." Compl. at ¶¶72-73. Noting that Ms. Jones had in fact disclosed in her testimony that she had exchanged some text messages that would have likely been read as her having had a consensual encounter, Amherst denied both requests, and Mr. Doe filed the Lawsuit.

The Lawsuit pleads ten causes of action, including breach of contract, tortious interference with a contract, racial discrimination, gender discrimination, defamation, and intentional infliction of emotional distress. Central to the complaint is Mr. Doe's argument that Amherst incorrectly declined to reopen his disciplinary proceedings after he became aware of the text messages, and violated its Sexual Misconduct Policy. Although Mr. Doe's legal claims focus on the conduct of the school, since filing the Lawsuit Mr. Doe and his counsel have repeatedly sought to shame Ms. Jones in the national media, including quoting selectively from her texts and implying promiscuity. *See* Ex. 5.

On June 21, 2016, Mr. Doe served Ms. Jones with a subpoena *duces tecum* that seeks to take her deposition on July 21, 2016 in Seattle, Washington. The subpoena also directs Ms. Jones to provide copies of all documents and communications concerning her interactions with Mr. Doe, Amherst's investigation, Amherst's disciplinary process, Mr. Doe himself, and numerous other individuals identified by Mr. Doe's counsel. *See* Ex. 1. Despite the fact that Ms. Jones' assault is not the basis of Mr. Doe's discrimination lawsuit, the subpoena also seeks the production of numerous documents related solely to the assault,

{W1028698 JCC}NON-PARTY SANDRA JONES'
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER (Insert case #)   5

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

including all of Ms. Jones' text messages from the day of the assault, all documents and communications concerning Ms. Jones' interactions with Mr. Doe, and all documents and communications concerning Mr. Doe generally. *Id.* It is apparent that Mr. Doe's strategy is to use the federal court system as well as the media to further pressure Amherst to grant relief. However, such harassment of a non-party should not be permitted.

## ARGUMENT

### I. Standard of Review

Under Federal Rule of Civil Procedure 45, a court may quash service of a subpoena if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). A court determining the propriety of a subpoena considers the relevance of the discovery sought, the requesting party's need and the potential hardship to the party subjected to the subpoena." *ATS Products, Inc. v. Champion Fiberglass, Inc.* 309 F.R.D. 527, 531 (N.D. Cal. 2015) (citing *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). Again, courts have broad discretion in determining what constitutes an undue burden. *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir.1994).

Likewise, Federal Rule of Civil Procedure 26(b)(1) limits discovery to non-privileged material that is "relevant to any party's claim or defense" and "proportional to the needs of the case." Rule 26(c) allows a court "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Discovery restrictions under Rule 26(c) may be even broader where the target is a non-party. *Dart Indus. Co. v. Westwood Chemical Co.*, 649 F.2d. 646, 649 (9th Cir. 1980). The party seeking discovery bears the burden of establishing the relevancy and proportionality of the evidence sought. *Gilead Scis. Inc. v. Merck & Co., Inc.*, No. 13-cv-04057, 2016 WL 146574 at * 1 (N.D. Cal. Jan. 13, 2016).

### II. The Risk of Harassment, Embarrassment and Undue Burden to Ms. Jones Outweighs any Limited Need Mr. Doe May Have for the Deposition.

{W1028698 JCC}NON-PARTY SANDRA JONES'
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER (Insert case #)   6

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Mr. Doe's subpoena to Ms. Jones seeks information that is neither relevant nor proportional to the needs of this case, and which subjects Ms. Jones to an undue burden. With this subpoena, however, Mr. Doe seeks to depose Ms. Jones without limitation or restriction as to the scope and substance of the deposition, and requests that she produce broad categories of documents and communications well in excess of the needs of the case. *See* Ex 1. Indeed, Mr. Doe's counsel has refused conferrals regarding possible reasonable limitations on Ms. Jones' deposition. Thus, on its face, this subpoena seeks information that is irrelevant to Mr. Does claims against Amherst and unduly burdensome to Ms. Jones. For this reason, it should be quashed and/or a protective order imposed.

Mr. Doe's complaint alleges numerous issues with Amherst's handling of the sexual misconduct proceedings. While Ms. Jones was the complainant in these proceedings, and provided testimony and other information for such proceedings, she had no role in Amherst's decision-making process nor any of the procedural aspects of the sexual misconduct hearings at issue in the litigation. While Mr. Doe's complaint may reference Ms. Jones' report of sexual assault and Amherst's subsequent investigation, he sets forth no facts that suggest that Jones herself would have any information of the alleged errors made by Amherst in the resolution of their disciplinary process.

For example, Mr. Doe's contractual claims rest on the premise that Amherst had an obligation toward Mr. Doe to follow its own rules and to provide a fair and equitable procedure when dealing with the accusations of sexual misconduct against Mr. Doe. The details of Ms. Jones' sexual assault have no bearing on whether Amherst officials breached any alleged contract by failing to follow their own polices with Mr. Doe. Examining her on such matter would amount to nothing more than continued harassment.

Mr. Doe also alleges that Amherst violated Title IX, 42 U.S.C. § 1981, and the Massachusetts Civil Rights Act by discriminating against Mr. Doe on the basis of gender and race. But Mr. Doe has not alleged that Ms. Jones participated in such discrimination, or

{W1028698 JCC}NON-PARTY SANDRA JONES'
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER (Insert case #)   7

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

was even aware that such discrimination was occurring. Ms. Jones was not a member of the administration at Amherst and had no access, or involvement, in the decision-making processes that occurred and thus would have no information relevant to such claims. Finally, Mr. Doe alleges that Amherst defamed him and caused him emotional distress. Again, Doe has not suggested that Ms. Jones was in any way involved in such defamation or would have any information regarding that claim.

Lastly, through conferral with Doe's counsel, Doe has suggested that his claim that Amherst conducted an insufficient investigation into the matter should grant them unfettered access to reinvestigate the entire matter de novo - in essence retrying the case to suggest a different outcome was required. However, aside from the clear case law discussed herein which prohibits such an *appealing the outcome* claim, Doe acknowledges that Amherst interviewed Jones, asked for production of any relevant text messages, and secured her testimony at the disciplinary hearing. Any after the fact suggestion that Amherst did not adequately get information from Jones, is disingenuous and is likely an end run around both the school's policy and Title IX case law that prohibits claims that merely seek to retry the matter.

Courts have repeatedly held that a lawsuit against a school for failure to follow proper procedures, including the "erroneous outcome" claims made by Doe, in expelling a student does not grant the student an opportunity to have his disciplinary hearing re-adjudicated by a federal court. The federal district courts are not an additional level appeal for defendants who are dissatisfied with the outcome of their proceedings. Rather, the "Court's review is substantially circumscribed; the law does not allow th[e] Court to retry the [College's] disciplinary proceeding." *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 756 (E.D. Tenn. 2009) (internal quotation omitted). The issues before this Court are thus limited primarily to "the manner in which University officials conducted the process leading to the conclusion that the Plaintiff had violated the University's Code of Conduct policies

{W1028698 JCC}NON-PARTY SANDRA JONES'
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER (Insert case #)    8

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

and its imposition of sanctions." *Id; see also Xiaolu Peter Yu v. Vassar College*, 97 F. Supp. 3d 448, 461 (S.D.N.Y. 2015) ("the Court's role is neither to advocate for best practices or policies nor to retry disciplinary proceedings."). Ms. Jones has no non-duplicative information to offer regarding this process itself. Thus, any information obtained from her would be irrelevant.

In addition to the irrelevance of the information sought from Ms. Jones, the burden that will be imposed on Ms. Jones if she is deposed in this matter is severe, and disproportional to Mr. Doe's needs in this case. Where the relevance of the discovery sought is low, the Court may prevent discovery where the burden is high. *Cabell v Zorro Productions Inc.*, 294 F.R.D. 604 (2013); *Defreightas v Tillinghas*, 2013 WL 209277 (W.D. Wash 2013). Allowing Mr. Doe to depose Ms. Jones on the details of her assault in a likely hostile and confrontational manner, will only serve to extend the harassment from Mr. Doe.

Courts have recognized the harm that results from forcing sexual assault victims to repeatedly detail their assaults. *See Humbert v. O'Malley*, 303 F.R.D. 461, 4465 (D. Md. 2014); *Harrington v. New England Life Ins. Co.*, 684 F. Supp. 174, 177 (N.D. Ill. 1988), *aff'd sub nom. Harrington v. New England Mut. Life Ins. Co.*, 873 F.2d 166 (7th Cir. 1989). Such harm is only aggravated by the likelihood that anything Ms. Jones may say in her deposition will be used to further shame her in both court pleadings and the now-watchful media, as Mr. Doe's counsel has repeatedly done in the past. *See* Ex. 5. Allowing a deposition to proceed on such a basis will only permit Mr. Doe to continue to accost Ms. Jones and send a message to campus sexual assault victims generally that the policies and protections outlined by their schools in reporting sexual abuse are of no meaning.

### III. Ms. Jones Also Should Also Be Protected as a Third-Party Sexual Assault Victim

Ms. Jones is entitled to have her subpoena quashed and/or a protective order imposed not only because the burdens imposed on her through a deposition far outweigh the

{W1028698 JCC}NON-PARTY SANDRA JONES'
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER (Insert case #)   9

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

negligible value of her testimony, but also because she is a sexual assault victim entitled to protection under Rule 412. Rule 412 generally excludes evidence offered to prove a victim's sexual predisposition or sexual behavior. *See, e.g., Barta v. City and County of Honolulu*, 169 F.R.D. 132, 135 (D. Haw. 1996) ("Although Rule 412 is a rule controlling the admissibility of evidence rather than its discoverability, [it] must also inform the proper scope of discovery...."); Giron v. Corrections Corp. of Am., 981 F.Supp. 1406, 1407 (D.N.M.1997). The purpose of the Rule is "to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process." Id. Under Rule 412, courts are encouraged to "presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery." Advisory Committee Notes to FRE 412.

Mr. Doe's complaint makes liberal reference to Ms. Jones' sexual history and sexual behaviors, repeatedly discussing her prior and subsequent encounters with other men in an effort to portray her as someone whose is promiscuous and thus more likely to have consented. This is precisely the type of shaming that Rule 412 seeks to preclude. In this context, where neither individuals' narratives of the sexual assault are on trial, and Ms. Jones' sexual behaviors have no relevance whatsoever to Mr. Doe's claims against Amherst, it is particularly important that she be protected from the "invasion of privacy, potential embarrassment and sexual stereotyping" that will likely occur if Mr. Doe is permitted this discovery. Accordingly, entrance of an order granting her motion to quash is justified.

{W1028698 JCC}NON-PARTY SANDRA JONES' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO QUASH SUBPOENA OR IN THE ALTERNATIVE MOTION FOR A PROTECTIVE ORDER (Insert case #) 10

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

### IV. To The Extent That This Court Permits a Deposition, It Should Be Very Limited in Scope and In Written Format.

It is Ms. Jones' position that the subpoena requesting her deposition be quashed as the burden and harm of the deposition outweigh any potential benefit to Mr. Doe. However, should this Court find that there is sufficient need for such a deposition, Ms. Jones moves for a protective order limiting the scope of the permitted questions and requested documents to Ms. Jones' involvement in Amherst's disciplinary process, and requiring that the deposition be conducted in writing and kept confidential, as contemplated by F.R.C.P. 31.

Any deposition of Ms. Jones should be limited in scope to her involvement in Amherst's disciplinary proceedings because, as discussed above, any questioning beyond her procedural involvement is irrelevant to the claims being made in this case. Ms. Jones' actual assault, and the circumstances surrounding her assault, have no bearing on Mr. Does' claims against Amherst. Rather, they are meant simply to harass Ms. Jones and retry the merits of the hearing. Accordingly, questioning on such matters should be prohibited. Likewise, Mr. Doe's requests for the production of documents at the deposition should be limited to only those documents reflecting Ms. Jones' participation in Amherst's disciplinary proceedings that are not already in Mr. Doe's possession. *See* Ex. 1.

Any deposition of Ms. Jones can be conducted by written questions in order to minimize the trauma and anxiety that Ms. Jones is likely to experience and would be sufficient to address the proportionality of Mr. Doe's needs. Likewise, a confidential written format will minimize the likelihood that Ms. Jones' deposition will be used as an opportunity to obtain soundbites or statements that can be used to further attack her character and integrity in the media.

### CONCLUSION

Ms. Jones respectfully requests that this Court quash Mr. Doe's Rule 45 subpoena in toto. Alternatively, Ms. Jones requests that the Court grant a protective order limiting any

{W1028698 JCC}NON-PARTY SANDRA JONES'
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER (Insert case #)   11

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

deposition questioning and document requests to her involvement in the procedural aspects of Amherst's disciplinary process and further directing that her deposition questioning be noticed by written questioning, with the transcript of any written questions and answers to be marked and protected as confidential so that they cannot be promulgated to the media.

DATED this 20th day of July, 2016.

<u>s/John Clune (Pro Hac Vice Pending)</u>
JOHN CLUNE, Colorado Bar #27684
Attorney for Sandra Jones
**HUTCHINSON BLACK & COOK, LLC**
921 Walnut Street, Ste. 200
Boulder, CO  80302
Phone: (303) 442-6514
Fax: (303) 442-6593
Email: clune@hbboulder.com

<u>s/Kathryn Goater</u>
KATHRYN GOATER, WSBA #9648
REBECCA J. ROE, WSBA #7560
Attorney for Sandra Jones
**SCHROETER, GOLDMARK & BENDER**
810 Third Avenue, Suite 500
Seattle, WA  98104
Phone: (206) 622-8000
Fax: (206) 682-2305
Email: goater@sgb-law.com

{W1028698 JCC}NON-PARTY SANDRA JONES'
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER (Insert case #)     12

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2016, I electronically filed the foregoing with the Clerk of the Court using the Court's email box (newcases.seattle@wawd.uscourts.gov) designated for new case filings for Miscellaneous Actions. I further certify that I have emailed the foregoing to the attorneys listed below.

<u>Counsel for Amherst College, Carolyn Martin, James Larimore, Torin Moore, Susie Mitton Shannon and Laurie Frankl</u>
Scott A. Roberts (BBO No. 550732)
Tobias W. Crawford (BBO No. 678621)
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, Massachusetts 02110
(617) 348-4300
sroberts@hrwlawyers.com
tcrawford@hrwlawyers.com
Counsel for Amherst College

<u>Counsel for John Doe</u>
Max D. Stern
Megan C. Deluhery
Hillary Lehmann
Todd & Weld LLP
One Federal Street
Boston, MA 02110
617-720-2626
617-227-5777 (fax)
mdstern@toddweld.com
mdeluhery@toddweld.com
hlehmann@toddweld.com

<u>s/ Susan Shaver</u>
Paralegal
Schroeter Goldmark & Bender
810 Third Ave., Ste 500
Seattle, WA
Email: shaver@sgb-law.com

{W1028698 JCC}NON-PARTY SANDRA JONES' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO QUASH SUBPOENA OR IN THE ALTERNATIVE MOTION FOR A PROTECTIVE ORDER (Insert case #)   13

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305